UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | CASE NO. 1:09CR506 |
|     Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS GRECO, JR. | ) | AND ORDER |
|     Defendant. | ) | |

## I. Procedural History

On February 18, 2011, Defendant Thomas Greco, Jr. was sentenced to 112 months imprisonment for his convictions of conspiracy to commit bribery concerning programs receiving Federal funds, bribery concerning programs receiving Federal funds, aiding and abetting, Hobbs Act conspiracy, Hobbs Act conspiracy, aiding and abetting, filing false income tax returns, and conspiracy to commit mail fraud. Doc. 132. On July 26, 2011, Greco's sentencing entry was modified, in pertinent part, to add restitution in the amount of $994,734.84, pursuant to 18 U.S.C. 3664, to Metro Health System. Doc. 179. Restitution was to be paid in equal monthly installments starting 60 days after release from imprisonment. These monthly payments were to be at a minimum 10% of Greco's gross monthly income. $350,000 of this restitution was ordered joint and several with defendants John Carroll and Nilesh Patel in case number 1:09CR342. The amended judgment entry specifically states that "The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation." On March 30, 2012, this case was reassigned to the Undersigned.

On April 2, 2012, the Government filed a sealed motion to adjust Greco's payment schedule, asserting a significant change in Greco's financial circumstances. Doc. 196. In that

motion, the Government explained it had learned that Defendant had been awarded a disability pension from the Ohio Public Employees Retirement System (OPERS), retroactively effective to February 1, 2009, in the sum of $3,965.93 per month. On April 25, 2012, this Court granted the Government's request to adjust the restitution payment schedule. The Court "ordered that the Ohio Public Employees Retirement System pay to the United States Clerk of Court, all past due monthly amounts being held in the account of defendant, Thomas J. Greco, Jr., which total $145,812.47 in accumulated benefits. It is further ordered that future monthly payments be garnished at the rate of 25% per month until the defendant's debt is paid in full. Said payments are to be applied towards the defendant's outstanding order of restitution in the within action." Doc. 200. The Court appointed Defendant counsel and scheduled a conference for the purpose of hearing objections to the garnishment. Doc. 203. This hearing was held on June 27, 2012, and the Court ordered Defendant to submit a proposed order to have the funds in question held by OPERS. Defendant did so and the Court granted his request. Doc. 209 and Doc. 214. To date, the funds have not been disbursed, pending resolution of Defendant's objections to the garnishment. Defendant and the government have filed post-hearing briefs on the issue. Docs. 210 and 214.

**II.**     **Arguments**

Initially, Defendant contends Ohio law prevents this Court from taking 100% of his past due monthly benefits and 25% of his future benefits. This argument, however, is without merit. The Government properly argues that federal law on this issue preempts Ohio law, a proposition against which Greco provides no argument.

Pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. 3556, 3663-3664, the federal government may garnish Defendant's pension. With regard to the

MVRA and state exemptions to garnishment, it stands to reason "that Congress was free to prioritize promoting efforts to make crime victims whole. To that end, Congress made clear in §3613 that fines ("'and through § 3664(m)(1)(A) orders of restitution as well'") may be enforced against *all* property or property rights of a defendant, listing only three exceptions." ((Emphasis added *U.S. v. Miller*, 588 F.Supp.2d 789 (W.D. Mich. 2008)).

The Government seeks to garnish Defendant's disability pension via the Fair Debt Collection Practices Act. "Among the means available to the United States for enforcing criminal monetary penalties are the procedures of the FDCPA, which include garnishment procedures. 28 U.S.C. § 3205." *U.S. v. Schwartz*, 2001 WL 1544624, at *3 (S.D. Ohio Jan. 14, 2011). Congress specifically called for preemption in 28 U.S.C. §3003(d); "Preemption.--This chapter shall preempt State law to the extent such law is inconsistent with a provision of this chapter." As such, Defendant's contention that the garnishment of his OPERS account would be a violation of State law is without merit.

To the extent that Defendant contends that his wife has a property interest in the money at issue is not before this Court, as his wife has not sought to intervene in this case, and therefore Defendant cannot make an argument on her behalf.

    a. *The All Writs Act: Back Payments*

With regard to whether this Court can order garnishment of the back pension benefits, i.e. the $145,812.47 in accumulated benefits, this Court concludes that it is not necessary to analyze all of the applicable garnishment procedures "'to find a correct path through the labyrinth of federal execution statutes.'" *United States v. Cunningham*, 2012 WL 2086561, *1, quoting *Paul Revere Ins. Group v. United States*, 500 F.3d 957, 961 (9th Cir. 2007). Rather, the Court orders payment of this lump sum to the Clerk of Court pursuant to the All Writs Act, 28 U.S.C. §1651.

Pursuant to the MVRA, an order of restitution may be enforced "by all other available and reasonable means." 18 U.S.C. §3664(m)(1)(A)(ii). Further, the MVRA provides that "If a person obligated to provide restitution, or pay a fine, receives substantial resources from *any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." (Emphasis Added) 18 U.S.C. §3664(n). Defendant is currently incarcerated. The Court concludes that Defendant's back payment from OPERS clearly is clearly a substantial resource that should be applied to his outstanding restitution obligations.

The All Writs Act, therefore, is an available alternative. *United States v. Cunningham*, 2012 WL 2086561, *8. The All Writs Act authorizes this Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). The use of the All Writs Act allows this Court to satisfy the requirement of §3664(n) and its July 26, 2011 restitution Order. Accordingly, OPERS is directed to pay the total $145,812.47 representing the retroactive payments from his disability pension and all monthly payments withheld by OPERS at the time the Government filed its initial motion to modify Defendant's payment schedule.[1]

    b. <u>Current Payments</u>

The Government further seeks to garnish 25% of Defendant's future monthly OPERS payments.[2]

Defendant has not raised any specific challenge to this garnishment or provided this Court with any basis to conclude that such an order would be inappropriate. Instead,

---

[1] The Court includes the latter monthly payments based upon the fact that Defendant failed to fulfill his obligation to inform the Government of these payments as required in his Judgment.

[2] The Court interprets the Government's request for future garnishment to begin from the date of its motion for modification, April 2, 2012.

Defendant's memorandum focuses solely on his argument that Ohio law prevents the Government from garnishing his disability payment. As previously discussed, this argument is without merit. Accordingly, this Court directs OPERS to continuously garnish 25% of Defendant's monthly OPERS benefits, absent some future modification by this Court.

### III.  Conclusion

OPERS is hereby directed to pay the total of $145,812.47, representing the retroactive payments from Defendant's disability pension and all monthly payments withheld by OPERS at the time the Government filed its initial motion to modify Defendant's payment schedule. The Court further directs OPERS to continuously garnish 25% of Defendant's monthly OPERS benefits, starting from April 2, 2012, continuing through the present and future absent any future modifications from this Court. All payments shall be made to the United States Clerk of Court. Said payments are to be applied toward the defendant's outstanding order of restitution in the within action.

IT IS SO ORDERED.

Dated:  1/8/13                                                       */s/ John R. Adams*_____
                                                                             UNITED STATES DISTRICT JUDGE