**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS J. GRECO, JR., | ) | CASE NO. 1:09CR506 |
| | ) | 1:14CV1716 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Thomas Greco's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 234. The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

**GROUNDS ONE THROUGH THREE AND GROUND FIVE**

In his first three grounds for relief and his fifth ground for relief, Greco contends that in some manner he was deprived of effective assistance of counsel. Greco contends that his counsel was ineffective for 1) failing to properly advise him regarding the Government's plea offer, 2)

1

failing to properly counsel him about testifying on his own behalf, 3) performing deficiently during trial, and 4) failing to perfect an appeal regarding the order of restitution.

The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Greco must show that his counsel's performance was deficient. Id. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Greco must show that his counsel's deficient performance actually prejudiced his defense. *Id.* The Court will now examine each of Greco's contentions.

**GROUND ONE – PLEA OFFERS**

In his first ground for relief, Greco contends that his counsel did not properly advise him with respect to the plea offers from the Government. In the context of plea negotiations, the Sixth Circuit has noted:

> We have held that the failure to convey a plea offer constitutes ineffective assistance, but in the context of the modern criminal justice system, which is driven largely by the Sentencing Guidelines, more is required. A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States*, 348 F.3d 545, 552–53 (6th Cir. 2003) (citation omitted). Herein, the record belies any claim that Greco's counsel failed to fulfill the obligation set forth above and far more. Perhaps most damaging to Greco's allegations is the information contained in Doc. 39 on this Court's docket. That four page document contains detailed guideline calculations related to the Government's plea offer, a post-trial calculation, a best case scenario calculation based on a contested sentencing, and a worst case scenario based on a contested sentencing. The document

2

details four different possible guideline ranges. In addition, the final two pages of the document contain a timeline of the plea negotiations between the parties. The timeline includes the Government's plea discussions from March 11, 2009, April 29, 2009, and December 17, 2009. This document was not only discussed in open court, but Greco initialed every page of the document on March 31, 2010.

In addition the document discussed above, Attorney Jeffry Kelleher also provided an affidavit which states:

> In March of 2009, the U.S. Attorney's Office communicated a plea offer to me, which included the possibility of receiving a substantial assistance reduction in return for Mr. Greco's cooperation. I explained the plea offer to Mr. Greco in detail. Mr. Greco insisted he was innocent, rejected the plea offer and said that he would only cooperate with the Government if he received immunity or a non-prosecution agreement. The U.S. Attorney's Office declined to consider those options and expressed little interest in Mr. Greco as a possible witness.
>
> During the months that followed, the Government extended several plea offers to me, which are summarized in Attachment B. I communicated every plea offer to Mr. Greco. We discussed every plea offer at length, and on multiple occasions. I never told Mr. Greco that he would likely receive a sentence of probation, even post-trial. I understood and always conveyed to Mr. Greco the virtual certainty that he would be sentenced to a term of incarceration if he pled guilty, but that the sentence would be considerably longer if convicted at trial.
>
> Discussing the possibility of plea agreement with Mr. Greco was difficult, because Greco openly said that he did not want to deal with that subject. Mr. Greco repeatedly rejected any resolution that involved any factual concession, and similarly refused to consider any a plea agreement to a Guidelines range that involved a term of incarceration. Despite my repeated efforts to explain the pros and cons of a plea agreement versus a trial, Mr. Greco steadfastly refused to plead guilty.

Doc. 247-3 at 1-2. Accordingly, the record before this Court does not support any claim that Greco was not informed of the plea offers made to him and the Guideline ranges that he could face through different litigation choices. As such, he cannot demonstrate the deficient performance prong of his first claim of ineffective assistance of counsel.

**GROUND TWO**

In his second ground for relief, Greco contends that his counsel was ineffective because they prevented him from testifying. The Court finds no merit in this contention.

The Sixth Circuit has explained the framework for reviewing this issue as follows:

> The first prong of *Strickland* requires Hodge to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Rather than demonstrating that his trial counsel made serious errors, Hodge fails to show that counsel did *anything* improper respecting Hodge's right to testify. This court entertains a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify with the client. *Webber*, 208 F.3d at 551. To overcome this presumption, Hodge would need to present record evidence that he somehow alerted the trial court to his desire to testify. *Id*. Hodge's present allegations that he wanted to testify and was prevented from doing so do not suffice to overcome the presumption that he assented to the tactical decision that he not testify.
>
> Although the right to testify is a fundamental right subject only to knowing and intelligent waiver, "waiver of certain fundamental rights can be presumed from a defendant's conduct alone, absent circumstances giving rise to a contrary inference." *United State v. Stover*, 474 F.3d 904, 908 (6th Cir. 2007). Notably, Hodge has not stated that he was unaware of his right to testify or that he was somehow prevented from seeking the court's assistance in overcoming counsel's allegedly unilateral decision. We have previously stated that, "[a]lthough the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." *Webber*, 208 F.3d at 551. Indeed, "[b]arring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." *Id*. To the contrary:
>
> A defendant who wants to testify can reject defense counsel's advice to the contrary by insisting on testifying, communicating with the trial court, or discharging counsel. At base, a defendant must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand. When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Id*. (internal citations and quotation marks omitted).

*Hodge v. Haeberlin*, 579 F.3d 627, 639–40 (6th Cir. 2009).

4

Similar to the petitioner in *Hodge*, Greco has offered nothing to suggest that he did not knowingly and intelligently waive his right to testify. He did not alert the Court to his desire to testify, nor at any time prior to the petition did he suggest that he had been actively prevented from offering his testimony. Instead, the record demonstrates that he at no point offered to testify, thereby waiving his right. Accordingly, Greco cannot demonstrate the deficient performance prong of this ineffective assistance of counsel claim.

**GROUND THREE**

In his third ground for relief, Greco effectively urges that his counsel made any number of mistakes during trial. However, Greco's arguments fall well short of demonstrating ineffective assistance of counsel.

For example, Greco contends that counsel erred when failing to challenge Juror #34 for cause on the basis that the juror worked at MetroHealth, the same entity that employed Greco and around which the bribery scheme was centered. However, counsel's actions during voir dire are presumed to be matters of trial strategy. *See Hughes v. United States*, 258 F.3d 453, 457 (6th Cir.2001); *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir.), *cert. denied*, 531 U.S. 938, 121 S.Ct. 329, 148 L.Ed.2d 264 (2000); *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir.1995). "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes*, 258 F.3d at 457. Because Greco's claim of ineffective assistance of counsel is founded upon a claim that counsel failed to strike a biased juror, Greco must show that the juror was actually biased against him. *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001).

Greco does not even attempt to meet this latter burden. While contending that the juror had knowledge of him outside the trial proceedings, Greco makes no argument that the juror was biased

against him. In addition, Attorney Kelleher notes in his affidavit that the topic of Juror #34 was discussed:

> With regard to jury selection, Mr. Greco was present for the entire voir dire process. Mr. Ricotta, Mr. Greco and I discussed Juror #34. We all agreed that her familiarity with MetroHealth would be helpful to our case because she knew Mr. Greco and the great work he performed at MetroHealth.

Doc. 247-3 at 4. Accordingly, the record affirmatively reflects that the decision not to challenge the juror was a strategic decision that Greco was involved in making. As such, he has once again failed to demonstrate deficient performance.

The remainder of Greco's third ground for relief contains a litany of complaints against all of his counsel. Greco complains that his counsel introduced far fewer exhibits than the Government. He contends that his counsel was overwhelmed by the complexity of the case and ill prepared for trial. He asserts that his defense – that he was simply being paid for side work and not bribed –was never adequately presented. Finally, he contends that an internal investigation by MetroHealth absolved him of any wrongdoing and that counsel failed to present the results of that investigation.

Greco's claims are nearly entirely without citations to the record. A review of the record, however, reveals that the claims do not have evidentiary support. For example, nothing in the record suggests that his counsel was overwhelmed by the nature of the case. In fact, the record contains numerous examples of lengthy and vigorous arguments and cross-examinations conducted by counsel. Further, Attorney Kelleher directly refutes any assertion that Greco provided him with documents regarding his side work and that Kelleher misplaced or lost those documents. Similarly, the Government has time and again asserted that no internal investigation documents were ever created by MetroHealth. As such, there were no documents for counsel to present in his defense.

Other than Greco's wholly unsupported allegation, there is nothing to suggest that any of these documents ever existed.

In short, Greco's complaints are little more than an expression of his unhappiness with the overall result of his trial. None of the issues raised by Greco suggest that counsel was deficient. Instead, the record reflects that all of his counsel were amply prepared for trial and conducted trial in a professional manner despite a difficult client. Greco's third ground for relief has no merit.

**GROUND FIVE**

In his fifth ground for relief, Greco contends that his counsel were ineffective when they failed to file a notice of appeal from his amended judgment, depriving him of the ability to challenge the restitution ordered after his sentencing. However, claims related to restitution cannot be raised in a § 2255 proceeding. In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the "in custody" requirement of a cognizable habeas claim. *See United States v. Watroba*, 56 F.3d 28 (6th Cir.1995) (holding that § 2255 does not grant subject matter jurisdiction over restitution orders); *Michaels v. Hackel*, 491 Fed.Appx. 670, 671 (6th Cir.2012) (stating that a fine is not cognizable under § 2254 and citing *Watroba*, 56 F.3d at 29); *see also Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir.2010) (holding that fines and restitution orders are not cognizable under § 2254); *Washington v. Smith*, 564 F.3d 1350, 1350–51 (7th Cir. 2009) (same); *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir.1984) (collecting cases); Randy Hertz & James S. Liebman, 1 *Federal Habeas Corpus Practice and Procedure* § 8.2(e) (6th ed.2012). Further, "collateral relief from a noncustodial punishment, such as a fine or restitution order, is not made readily available to a defendant just because he happens at that time to also be subject to custodial penalties." Brian R. Means, Federal Habeas Manual § 1:21 (2012 ed.). As such, Greco's claims related to the failure to pursue an appeal related to restitution are not cognizable in this

habeas proceeding.[1] As such, the fifth ground for relief must be dismissed as this Court lacks jurisdiction to consider it.

### GROUND FOUR

In his fourth ground for relief, Greco raises a claim that the Government committed a *Brady* violation. More specifically, Greco once again contends that MetroHealth completed an internal investigation that absolved him of all wrongdoing. Greco contends that the Government never turned a copy of the report generated by this internal investigation. Greco has offered no evidence that any such document exists. His counsel denies knowledge of the existence of any such document, and the Government denies the existence of any such document. As such, the record does not support any claim that the Government withheld exculpatory evidence.

### GROUND SIX

In his final ground for relief, Greco appears to argue newly discovered evidence warrants some form of relief. In support, Greco cites to portions of a § 2255 filed by his co-conspirator, John Carroll. Greco effectively seeks to isolate arguments by Carroll to suggest that Carroll never implicated him in the conspiracy. However, Carroll's § 2255 does not in any manner recant any of the testimony elicited from Carroll against Greco. Moreover, nothing in Carroll's § 2255 appears to have been unknown prior to its filing. Instead, all of the information contained in that filing was provided in discovery to Greco's counsel, and at least portions of that discovery were used to cross-examine Carroll. As such, Greco has not demonstrated any ground for relief within his sixth and final claim.

### III. CONCLUSION

---

[1] There is also nothing in the record to suggest that Greco could not have pursued any arguments surrounding his restitution within the appeal that was filed on his behalf, Case No. 11-3217.

For the foregoing reasons, Petitioner Thomas Greco's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **hereby DISMISSED IN PART AND DENIED IN PART.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: August 22, 2016    /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**