IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:09CR506 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS GRECO, | ) | <u>BRIEF IN OPPOSITION TO MOTION TO</u> |
| | ) | <u>REDUCE RESTITUTION</u> |
| Defendant. | ) | |

Defendant, Thomas Greco (Defendant) has filed a motion requesting his monthly restitution payments be reduced to $25.00/month. (ECF No. 286) This motion should be denied based upon the following. This defendant was originally convicted at trial on all counts of the indictment on June 8, 2010. (ECF No. 64) The Defendant was ordered to pay $994,734.84 to victim MetroHealth, $350,000.00 of that sum was jointly and severally liable with John Carroll and Nilesh Patel. To date, $360,710.54 has been paid by the Defendant, leaving a balance of approximately $634,024.00. Currently, the Defendant's OPERS disability pension is being garnished and monthly payments of $1,182.50 are being applied towards the Defendant's restitution debt. Based upon the Defendant's age of 64, it is unlikely that Defendant's restitution debt will ever be satisfied.

The Defendant has submitted numerous documents with his motion documenting his monthly expenses and the difficulties he is encountering in meeting his financial obligations. The undersigned will not parse all the elements of the Defendant's financial statement, however, this Defendant has more resources than many of the defendants observed by the Office of the U.S. Attorney and many expenses the Defendant can do without. In February, 2019, the Defendant

submitted to the Office of the U.S. Attorney financial documents which reflect his actual and proposed expenses.[1] The Court previously determined that the 25% garnishment of the Defendant's OPERS pension is appropriate. (ECF No. 217) The Defendant has failed to demonstrate a change in his financial circumstances justifying a reduction in his garnishment to payments of $25.00/month.

There is no question that the Defendant's living standard has changed, however, this is inevitable.
> "[d]efendant cannot seriously expect to live the same lifestyle he had before this offense given the amount of restitution ordered. Difficult spending choices will have to be made, and Defendant will simply have to do without some expenditures he has grown accustomed to making...." United States v. Farris, 2006 WL 2022526, *2 (W.D.Mich.2006). Here, there has been no showing that defendant has made significant changes in his spending habits to accommodate the restitution payments.

United States v. Brill, No. 99-CR-0827, 2007 WL 2274668, at *10 (E.D.N.Y. Aug. 6, 2007)

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Alex Rokakis
       Alex Rokakis (OH: 0029078)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3673
       (216) 522-4542 (facsimile)
       Alex.Rokakis@usdoj.gov

---

[1] The Defendant owns a home without a mortgage and also lists liquid assets owned by his wife in excess of $100,000.00. Part of the Defendant's questioned monthly expenses include the cost of leasing two automobiles, and the cost of their insurance, gas and maintenance. The Defendant also lists expenses to be considered by the Office of the U.S. Attorney including funeral expenses for the Defendant and his wife totaling $14,362.00, an emergency fund of $50,000.00, and questionable monthly expenses including $25.00/month for PACER Court access, attorney expense of $50,000.00, and vacation, gift and church expenses totaling almost $400.00/month.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Alex Rokakis
Alex Rokakis
Assistant U.S. Attorney