ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. GRECO | ) CASE NO. 1:09CR506 |
| Petitioner, | ) |
| v. | ) Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) **ORDER** |
| Respondent. | ) |

Petitioner Thomas J. Greco has moved to reduce the amount of restitution he must pay on a monthly basis. Doc. 286. The Government has opposed his motion, and Greco has replied. Greco has also filed three supplemental motions in support of his initial request (Docs. 289, 290, and 291), and this Court conducted a hearing on the matter. Upon review, the motion is GRANTED IN PART AND DENIED IN PART.

As part of his sentence, Greco was ordered to pay restitution in the amount of $994,734.84. To date, well over $400,000 remains unpaid.[1] As a mechanism for paying the restitution, the Government has consistently garnished 25% of Greco's pension once he began to receive payments. According to recent filings from Greco, that means that the Government receives $973.73 per month from his gross pension amount of $3,894.93. Within his motion, Greco seeks to reduce his payment to $25 per month.

In support of his motion, Greco supplies a laundry list of existing expenditures, potential

---

1 The parties appear to disagree over the existing amount of restitution, so the Court has utilized the lower estimate provided by Greco as it does not impact the Court's final decision.

future expenditures, and savings amounts. For example, Greco believes he should be permitted to save nearly $30,000 to fund funerals for himself and his wife. He believes he should be permitted to create an emergency fund totaling $50,000. He asserts that his wife needs a new automobile and would like one for himself. Greco proposes that he would need over $1,000 per month to purchase, maintain, and insure these vehicles.

Put simply, Greco would like to prioritize his own lifestyle over his restitution obligation. Greco is quick to note that the assets in his life, such as a home unencumbered by a mortgage, belong solely to his wife. Greco, therefore, argues that they should not be considered when analyzing his finances. At the very same time, Greco seeks to include in his expenses any number of items related to the home – all of its utilities, for example. Moreover, it appears as though Greco seeks to take 100% responsibility for every cost associated with his family in any manner. The Court is not inclined to indulge in Greco's line of reasoning.

As it stands now, it is very unlikely that Greco will ever satisfy the full amount of his restitution obligation. As such, his request to reduce his monthly payment to $25 is wholly unreasonable. However, the Court is mindful of the impact of the current pandemic, and the Court also acknowledges that some portion of the expenses set forth by Greco are properly recognized as his liabilities. Accordingly, from this date forward, the Government will take only 20% of Greco's gross monthly pension payment. This will effectively reduce Greco's payments by slightly under $200 per month.

Greco shall continue to cooperate with any requests from the Government regarding his financial affairs. Should it be demonstrated that the additional funds that Greco is able to maintain are not being utilized to pay necessities, the Government may seek to have this Court revisit this issue in the future.

Greco's motion to reduce his monthly restitution payments is GRANTED IN PART AND DENIED IN PART (Doc. 286) as detailed herein. As they are resolved by this Court's order, his supplemental motions (Doc. 289, 290, 291) are DENIED AS MOOT.

IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2020 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |